3By íBISMIMíEW., Jmlg-e.
VERDICTS weie taken in these cases for the amount of principal and interest of the condition which exceeded the penalty, with an agreement to reduce the same, if in the opinion of the Court, the penalty could not be exceeded.
My opinion is, that the right of the plaintiff is not limited by the penalty of the bond. I will briefly state the reasons upon which it is founded. These are actions upon penal bonds for the payment of lesser specified sums of money at a day certain. However ingenious the argument by which the proposition has been supported, they are clearly not within the statute of William, so as to conclude the plaintiff from a recovery beyond the penalty, by force of the consequence resulting from his having elected to bring debt instead of covenant. Considered as money bonds, I think it is obvious that the plaintiff cannot be so limited. The statute of Anne was passed for the benefit of the obligor—to afford to him that relief which previously to its enactment he was compelled to seek in chancery. The relief afforded consisted in discharging him from the penalty of the bond after it had become forfeited by a breach of the condition, upon payment of principal, interest and costs thereof. This was in effect to consider the *43 sum specified in the condition as the debt, instead of the penalty, which was the debt according to the legal operation of the instrument at common law. If by force of this statute, the condition was the debt, and so continued until with the accumulating interest, it equalled the penalty, why should it cease to be so after that period 1 Speaking with reference to our own particular rate of interest, why should the Court be required to consider the condition as the debt, notwithstanding the forfeiture, for twelve years and an half after the breach, and then to reinstate the penalty ? The answer to these questions is sought for in the assertion, that the statute of Anne having been passed for the benefit of the obligor, the substitute which it provides, viz. the condition and accumulating interest can never exceed that for which it was substituted, the penalty of the bond—and to render this answer effectual, it is necessary further to assert that the naked penalty was alone recoverable at common law—but the fact is not so either upon principle or authority. At common law and apart from the statute of Anno, the penalty of the bond was the debt, which became absolutely payable upon failure to perform the condition. Upon such failure, the instrument purported to be (and such was its legal effect) an unconditional obligation to pay a specified sum (the amount of the penalty) at a day certain. To state the nature of such a debt, is to show that interest was due for withholding it. It was a liquidated demand payable at a day certain. Considering the condition of the bond as the debt under the statute of Anno, B. R. have decided that interest is due thereon, although no interest be in terms reserved, and no day of payment specified. (Farquhar vs. Morris, 7 Tm. R. 120.) When before the statute of Anne, the penalty was the debt after a breach of the condition, upon what principle would the same Court have refused the allowance of interest upon the penalty ? If the penalty were due by a breach of the condition on the first of January, eighteen hundred and ten—it became on that day at common law, a debt which the obligee was then entitled to receive—and the payment *44 of the principal of such penalty with its accumulating interest o'n the first of January, eighteen hundred and nineteen, would be no more than tire payment of the principal alone, on the day at which it became due—-besides the principle under consideration has been distinct]}' affirmed in the United States by various State tribunals, as well as by those of the Union—and their opinions although not obligatory upon this Court, are nevertheless entitled to be received, and are received with the utmost respect. But if it be true that interest on the penalty is recoverable at common law, there seems to me to he no pretence for limiting the right of the obligee to the principal of the penalty under the statute, by saying that interest on the condition can only be calculated until it equals the penalty—because if he is allowed to exceed it, the statute still operates beneficially to the obligor. Since the amount of the penalty and interest thereon from the breach which was the right of the obligee at common law, will be greater than the amount of the condition, and its accumulating interest by the payment of which under the statute, the obligor is allowed to discharge it—and this difference is the measure of the benefit which the obligor derives from the operation of the statute. I have not, in forming this opinion, been unmindful of the series of decisions upon this subject in the English Courts of Justice. But the decisions of those Courts are received here not as constituting the law, but only as evidence of what it is. When they conflict, the evidence which they afford is necessarily weakened—and it becomes the duty of a Court constituted, as this is, to look to the reasons on which they are founded. Now that the penalty of a bond for the performance of covenants, conditioned to do a collateral act, a bond of indemnity or the like, should be the measure of the obligee’s right in an action of debt on such bond since it is the stipulated and the only stipulated quantum which the instrument furnishes, is perhaps in perfect consonance with the contract of the parties, and consistent with the relief which a Court of Justice ought to afford upon the violation of such a contract, *45 the more especially as in cases where the damages sustained, have in fact exceeded the penalty, a co-extensive relief is afforded by a different remedy. But that in the case of a mere money bond, of a bond with a penalty conditioned for the payment of a lesser specified sum at a day certain, the payment of any less sum than the principal of such debt and interest thereon from the time when it became due, and during which it has been withheld, should be considered as a compliance with the contract of the parties, or as the measure of the relief which the Court ought to afford, is to me utterly inconceivable, and seems to be ethically absurd, because the moral guilt which attends a violated contract, and which is increased by a continued neglect to fulfill its stipulations, would upon this principle be diminished by the very cause by which in fact it is obviously aggravated, and legally so, because in the case stated, interest is a necessary incident to the principal debt, and its continued accumulation can therefore be limited only by the existence of the debt. These are some of the considerations which have influenced me to adhere to those decisions which allow to the obligee the principal and interest of the sum specified in the condition, without regard to the question whether it exceeds or falls short of the penalty of the bond. Indeed the opposing decisions were in their origin confined to bonds conditioned to do some collateral act, to bonds of indemnity or the like—and their subsequent extension to money bonds, is neither obligatory upon this Court on the score of precedent, nor consistent in my humble apprehension, with the terms of the contract which they profess to interpret. I speak of the decisions at law—whose Courts are limited by the terms of the contract, and have no concern with the fund out of which satisfaction is to be made. I know that the case of Lord Lonsdale vs. Church, (2 Term, Rep. 388,) is said to be overruled by that of Wilde vs. Clarkson, (6 Term, Rep. 303.) But this was a bond of indemnity, and in the recent case of McClure vs. Lankin, (1 East’s Rep. 436,) which was debt on a judgment recovered on a money bond, interest was allowed on *46 the judgment beyond the penalty of the bond upon the ground that the original demand was merged in the judgment. The position that interest beyond the penalty could not have been allowed in the original action, though conceded by the counsel and reiterated from the bench, was in fact neither discussed at the bar, nor decided by the Court. But considering this and the cotemporaneous decision of the master of the Rolls in the case of Clark vs. Seton, (6 Ves. Ch. Rep. 411,) as judicial evidence of what the law was in England in the year eighteen hundred and one, they cannot operate to change the pre-existing law of this tribunal. There the maxim leges posteriores, priores, contrarias abrogant, which is resorted to for the purpose of settling the pretentions of conflicting statutes, would probably be applied to those judicial decisions, and inferior tribunals at least would find themselves bound by the more recent annunciations of the law. But a different course must be pursued here. Ve have adopted the common and statute law of Great Britain, such as it prevailed in this province on the tenth of May, seventeen hundred and seventy six. The posterior decisions of English Courts of Justice are highly respectable evidence of what the law is now, and except when opposed by anterior decisions of what it was at that period. But when so opposed, they are in fact, innovations, in that system of English law which we have adopted, and whether properly or improperly introduced there, are no more operative here than statutes which have been passed there since the period to which I have referred. Now I take the case of Lord Lonsdale vs. Church, decided in seventeen hundred and seventy eight, and the series of cases therein adduced, to be evidence of what the law of England was in this regard at the period when it was adopted by our Legislature, and I am bound to consider this the law of this tribunal, until the same legislative wisdom shall otherwise direct. I could fortify this opinion by a reference to the decisions of other American tribunals. In Connecticut, Massachusetts, New York and Pennsylvania, the State Courts have allowed interest *47 beyond the penalty. In the Circuit Court of Massachusetts, in the caste of United States vs. Arnold, (1 Gallison 348,) Judge Story, after looking into all the cases, declares the better opinion to be, that the Court may give judgment for the penalty and interest from the first breach, and this judgment was affirmed in the Supreme Court. In the Circuit Court of Georgia, Ch. J. Ellsworth directed the Jury in the case of Abendanon vs. Putnam, that they might give interest byway of damages beyond the penalty, which was accordingly done. In an action of debt on bond in the Superior Court of the county of Washington, I remember when at the bar, to have obtained upon argument a judgment for the principal and twenty years interest; and I have once before had occasion incidentally to express in this tribunal the same opinion which I am now called upon more deliberately to pronounce.
The postea must therefore be awarded to the plaintiff, with leave to take out execution in each case for the principal and interest due upon the bond on which his action is founded.